UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lance Gerald Milliman,

      Plaintiff,

      v.

Driver License Compact Commissioner;
Nia Ray; Michael J. Ordnung; County of Andrew;
Steven Stevenson; Truman Wiles; County of
Howell; Michael P. Hutchings; Ron Replogie;
S.L. Nelson; Levi Stoops; Pat McCormack;
Michael J. Thompson; Steven E. Drange;
Lori Swanson; Joan Eichhorst; Kristi Nielsen;
and William Young,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil Case No. 15-2779 ADM/BRT

Lance Gerald Milliman, *Pro Se*.

## I. BACKGROUND

Plaintiff Lance Gerald Milliman commenced this 42 U.S.C. § 1983 action on June 23, 2015 and additionally filed an Application to Proceed *In Forma Pauperis* [Docket No. 2] and a Motion for a Temporary Restraining Order [Docket No. 3] that same day. On October 9, 2015, Magistrate Judge Becky R. Thorson issued an Order [Docket No. 7] requiring Milliman to file an Amended Complaint within 30 days and stating that failure to do so would result in a recommendation of dismissal of the Complaint [Docket No. 1] without prejudice.

Judge Thorson concluded in her Order that Milliman's Complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. This matter is now before the undersigned United States District Judge on Plaintiff's October 13, 2015 Letter to District Judge [Docket No. 8] contesting Judge Thorson's Order.

In his letter to the Court, Milliman does not substantively respond to Judge Thorson's reasoning, but rather argues that he should not be required to amend the Complaint simply because Judge Thorson "is unable to fathom the issues of this *pro se* complaint." Letter at 1. The letter additionally waives the opportunity Judge Thorson provided Milliman to file an Amended Compliant. Milliman writes:

> This plaintiff will not be filing an amended complaint at this point because it is the plaintiff's contention that his pleadings meet all the requirements of Rule 8 and 10 of the F.R.Civ.P. in their entirety. The plaintiff would wave [sic] the thirty day extension to file an amended complaint and requests that if this Court feels the same as Magistrate Thorson, that it dismiss the plaintiff's complaint so that I can appeal to the Eighth Circuit as soon as possible.

Letter at 2.

A magistrate judge's order on nondispositive pretrial matters is reviewed under the clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a). However, because Milliman has chosen not to amend his Complaint, Judge Thorson's Order effectively becomes dispositive, as it recommends dismissal. The Court will therefore construe the Order as a Report and Recommendation and "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b). Similarly, the Court will consider Milliman's letter as an Objection.

## II. DISCUSSION

Judge Thorson did not err in concluding that the Complaint fails to satisfy the pleading standards of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, Milliman's 38 page single-spaced Complaint is confusing and unnecessarily verbose. As noted

2

by Judge Thorson, the Complaint does not set forth with any reasonable clarity the specific factual allegations giving rise to the claims Milliman attempts to assert.  Moreover, it is equally unclear what claims Milliman is actually asserting, as he has failed to state his "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Although some claims are pled directly against specific Defendants, other claims are simply alluded to throughout the Complaint.  The Complaint is further muddled by lengthy recitations and analysis of case law.  Accordingly, the Complaint does not provide this Court with a "short and plain statement" as required by Rule 8 and is dismissed.  See Olson v. Little, 978 F.2d 1246 (8th Cir. 1992) (affirming the district court's *sua sponte* dismissal of a complaint for failure to comply with Rule 8).[1]

---

[1] Milliman additionally contends that Judge Thorson engaged in "judicial misconduct" by communicating with the parties in this case and by allowing the Complaint to be electronically filed on the Pacer system.  This argument is baseless.  There is no indication that Judge Thorson in any way communicated with the Defendants—Judge Thorson simply noted that Milliman should organize his Complaint in a way that both the Court and Defendants could follow.  Moreover, this District requires all complaints to be electronically filed on the Pacer/CM-ECF system.  See D. Minn. L.R. 5.1.

## III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Lance Gerald Milliman's Objection [Docket No. 8] to Magistrate Judge Becky R. Thorson's Order construed as a Report and Recommendation [Docket No. 7] is **OVERRULED;**

2. This action is **DISMISSED** without prejudice; and

3. Plaintiff's Application to Proceed *In Forma Pauperis* [Docket No. 2] and Motion for a Temporary Restraining Order [Docket No. 3] are **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


        s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 29, 2015.